United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 22, 2004**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
for the Fifth Circuit

_____

No. 02-60852
Summary Calendar

_____

LEE SAMUEL DONNELL,

Plaintiff-Appellant,

VERSUS

BELLSOUTH TELECOMMUNICATIONS, INC.; MALCOLM C. COTTING;
W.E. WALKER; MICHAEL L. CLOMPTON; RALEIGH L. CHARPENTIER;
ROBERT A. HAMMOCK; T.A. BOWEN,

Defendants-Appellees.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

_____

No. 03-60624
Summary Calendar
_____

LEE SAMUEL DONNELL,

Plaintiff-Appellant,

VERSUS

BELLSOUTH TELECOMMUNICATIONS, INC.; ET AL.,

Defendants,

BELLSOUTH TELECOMMUNICATIONS, INC.; MALCOLM C. COTTING;
W.E. WALKER; MICHAEL L. CLOMPTON; RALEIGH L. CHARPENTIER;
ROBERT A. HAMMOCK; T.A. BOWEN,

Defendants-Appellees.


* * * * * * * * * * * * * *

No. 03-60626
Summary Calendar

_____

LEE SAMUEL DONNELL,

Plaintiff-Appellant,

VERSUS

BELLSOUTH TELECOMMUNICATIONS, INC.; ET AL.,

Defendants,

BELLSOUTH TELECOMMUNICATIONS, INC.; MALCOLM C. COTTING;
W.E. WALKER; MICHAEL L. CLOMPTON; RALEIGH L. CHARPENTIER;
ROBERT A. HAMMOCK; T.A. BOWEN,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Mississippi
m 3:00-CV-202-WS
m 3:00-CV-203-WS

_____

Before SMITH, DEMOSS and
STEWART, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Lee Donnell pursues three appeals that we consolidate for purposes of a combined opinion. Donnell challenges various adverse rulings in his long-running dispute with his former employer, BellSouth Communications, Inc. ("BellSouth"). Finding no merit in any of Donnell's contentions, we affirm in all three cases.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

### I.

In No. 02-60852, Donnell appeals an order enforcing a settlement of his underlying dispute. As the district court noted in its comprehensive order, however, Donnell appeared in court and agreed to all the settlement terms, which included $100,000 and full retirement benefits to Donnell.

Donnell asserts that the settlement was limited to his retaliation and defamation claims, but the district court persuasively found otherwise, and its finding is not clearly erroneous. Donnell also avers that the attorney he brought with him did not actually represent him, but again, the district court reliably found to the contrary. Finally, Donnell opposes the $5,731.79 in fees and expenses that BellSouth incurred to support the settlement that Donnell contested. The award was reasonable, and we will not overturn it.

There is no doubt the district court had full authority to enforce the settlement. The court handled that proceeding without error.

### II.

In No. 03-60624, Donnell challenges an order denying his "Plaintiff's Motion To Correct Transcript Because of Inadvertent Errors/Ommissions [*sic*] and Motion To Have Transcript Copy Made Available to Plaintiff To Be TranscribedSSAll at His Expense." The transcript in question is the record of the settlement hearing mentioned above.

The district court patiently denied that motion in a thorough, eight-page order. The court explained that it had carefully reviewed the transcript, which under law is deemed *prima facie* correct, and had determined that it is in every respect accurate. There is no error in that decision.

### III.

In No. 03-60626, Donnell appeals an order denying his motion to strike all statements attributable to him that are contained in the aforementioned transcript. Because the transcript is accurate, and reflects statements made in open court, the district court properly denied the motion to strike.

### IV.

This litigation badly needs to come to an end. Donnell has received a substantial settlement, to which he agreed. He should not further burden the courts and defendants with meritless attacks. We also remind him that sanctions are available for frivolous litigation.

The orders complained of are AFFIRMED.[1]

---

[1] All pending motions are DENIED, including, without limitation, Donnell's motions to remand, for appointment of counsel, and to hear the tape.